BLD-118                                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1211
_____

IN RE:  DREW BRADFORD,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3:13-cv-01910)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 20, 2015

Before:  AMBRO, JORDAN and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 25, 2015)
_____

OPINION*
_____

PER CURIAM

        Pro se petitioner Drew Bradford seeks a writ of mandamus directing the United

States District Court for the District of New Jersey to grant him a filing extension in his

civil rights action pending in that court.  For the reasons that follow, we will deny his

mandamus petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

On January 5, 2015, certain defendants in Bradford's civil rights case moved to recover attorneys' fees from him. Three days later, he asked the District Court for a 14-day extension of the time to respond to that motion. The District Court did not grant that extension request; instead, the court extended the response deadline by three days — to January 23, 2015. On January 20, 2015, Bradford submitted his mandamus petition, asking us to compel the District Court to grant him the 14-day extension. Bradford did not initially pay the mandamus filing fee or move to proceed in forma pauperis ("IFP"). As a result, on January 23, 2015, the Clerk of this Court issued an order indicating that action on the petition would be deferred until Bradford either paid the filing fee or filed an IFP motion. Bradford subsequently filed his IFP motion on February 4, 2015, and the Clerk granted that motion shortly thereafter. Meanwhile, on January 30, 2015, Bradford filed his response to the motion for attorneys' fees. He then supplemented that response on February 9, 2015. The attorneys' fees motion remains pending before the District Court.

A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, a petitioner must establish that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks omitted). Bradford has not made that showing here. A district court's

management of its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no clear and indisputable right to have a district court handle a case in a particular manner, see Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam). Furthermore, since first submitting his mandamus petition, Bradford has responded to the defendants' motion for attorneys' fees and supplemented that response. If the District Court deems his filings untimely and refuses to consider them in ruling on the defendants' motion, Bradford has an adequate remedy: he may challenge that ruling on appeal when the District Court enters a final order on the attorneys' fees issue. See Kiareldeen v. Ashcroft, 273 F.3d 542, 545 (3d Cir. 2001). Alternatively, if the District Court treats Bradford's filings as timely and considers them on their merits, whether he had the benefit of a formal 14-day extension becomes irrelevant.

In light of the above, we will deny Bradford's mandamus petition.